UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY FINLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:05-CV-695-SNL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Tommy Finley's petition for a writ of audita querela [Doc. #1]. Also before the Court is petitioner's motion to proceed in forma pauperis [Doc. #2].

**Background**

Petitioner was convicted, after a bench trial, of three counts of using the mails with intent that a murder-for-hire be committed in violation of 18 U.S.C. § 1958(a). See United States v. Finley, Case No. 4:97CR455(SNL) (E.D. Mo. July 29, 1998). Petitioner's convictions were affirmed on appeal. United States v. Finley, Case No. 98-2721 (8th Cir. April 29, 1999). The following year, petitioner sought and was denied relief pursuant to 28 U.S.C. § 2255. Finley v. United States, Case No. 4:00CV634(SNL) (E.D. Mo. Aug. 3, 2000). The Eighth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed the appeal. Finley v. United States, Case No. 00-3313EMSL (8th Cir. Nov.

13, 2000) .

In October 2002, petitioner again sought and was denied relief pursuant to 28 U.S.C. § 2255. Finley v. Olsen, Case No. 4:02CV1523(SNL) (E.D. Mo.). In November 2004, petitioner filed another motion seeking § 2255 relief which this Court denied. Finley v. United States, Case No. 4:04CV1655(SNL) (E.D. Mo.). In December 2004, petitioner filed, yet again, a § 2255 motion, asserting that his convictions and sentences were void. This Court denied the motion on February 10, 2005. Finley v. United States, Case No. 4:04CV1818(SNL) (E.D. Mo.).

**Discussion**

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioner argues that he is entitled to a writ of audita querela on the grounds that there was no federal court jurisdiction over his criminal action; "the undercover FBI agent [violated] . . . the RICO Act; "a consecutive sentence in multiplicious counts is a violation of [his] Fifth Amendment rights"; the sentencing judge, rather than the jury, enhanced petitioner's sentence by two levels; and ineffective assistance of counsel.

Rule 60(b) of the Federal Rules of Civil Procedure abolishes the writ of audita querela with respect to civil actions, but it is at least arguable that the writ is available in criminal actions. See United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (questioning availability of audita querela in criminal actions); United States v. Reyes, 945 F.2d 862, 866 (5th Cir. 1991) (same); United States v. Holder, 936 F.2d 1, 3 (1st Cir. 1991); United States

2

v. Ayala, 894 F.2d 425, 426 (D.C. Cir. 1990); cf. United States v. Morgan, 346 U.S. 502, 511 (1954) (although writ of coram nobis was abolished in civil cases, writ survives in criminal actions). Assuming, arguendo, that the writ of audita querela is still available, the Court finds that the writ is inappropriate in the instant case.

Audita querela is an old common-law writ which permits a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of judgment.'" United States v. Johnson, 965 F.2d at 582 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2687, at 325 (1975)). As such, the only issue at bar is whether the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), is the type of post-judgment event for which the writ can be granted.[1] The Court's research indicates that it is not. The courts that have considered the question of whether a post-judgment change in the law is a grounds for audita querela relief have answered in the negative. See United States v. Ayala, 894 F.2d at 429 n. 8; United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Ames v. Sears, Roebuck and Co., 536 A.2d 563, 566 (1988). This is true even in cases where the post-conviction change in law could not be raised in a § 2255 action. United States v. Ayala, 894 F.2d at 429 n.8. As noted by the District of Columbia Circuit in Ayala:

> To be sure, not *all* post[-]judgment changes in law may be

---

[1] In United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court held that application of the Federal Sentencing Guidelines provisions mandating that a district court impose a sentence based on findings of additional facts, determined by using preponderance of evidence standard, violated the Sixth Amendment.

3

> raised in a § 2255 proceeding. See Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 1075-77, 103 L.Ed.2d 334 (1989) (plurality). But we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated "retroactivity" rules.

Id. This Court agrees. The Supreme Court's decision in Booker does not afford petitioner relief from his sentence under any theory, because Booker does not apply retroactively. Therefore, petitioner's request for audita querela relief will be denied.

Moreover, even if the Court were to construe the instant petition as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the action would be dismissed. As noted above, on four previous occasions, petitioner has sought relief pursuant to either § 2255 or motions that were construed as § 2255 motions. Title 28 U.S.C. § 2255 now provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Eighth Circuit Court of Appeals has not certified the instant action, as required by § 2255, and thus, this Court has no jurisdiction to consider a § 2255 motion for relief. For the above-stated reasons, the instant action will be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of audita querela [Doc. #1] is **DENIED**, without prejudice.

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this   14th   day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE